**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ARTHUR MARTINEZ,

Plaintiff,

v. No. 25-cv-1285-SMD-DLM

HARVEY PARKER, *et al.*,

Defendants.

**ORDER OF DISMISSAL**

This matter is before the Court following Plaintiff's failure to pay the initial partial filing fee in connection with his Prisoner Civil Rights Complaint, Doc. 2. Plaintiff is incarcerated and proceeding *pro se*. By an Order entered May 27, 2026, the Court granted Plaintiff leave to proceed *in forma pauperis* and assessed an initial partial payment of $27.00, which is 20% of his average monthly deposits. (Doc. 4) (IFP Order). The initial payment is based on Plaintiff's inmate account statement and is required by statute where, as here, an inmate files a civil complaint. *See* 28 U.S.C. § 1915(b)(1). The IFP Order warns that failure to timely comply may result in the dismissal of this case without further notice. *See* (Doc. 4) at 1.

The payment deadline expired on June 26, 2026. Plaintiff did not pay the initial partial fee, show cause for such failure, or otherwise respond to the IFP Order. Accordingly, the Court will dismiss the Complaint, Doc. 2, pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (When "a court order requires partial payments," Rule 41 "allow[s] a district court to dismiss the action for failure to comply with the

order.”). This dismissal is without prejudice to refiling. Plaintiff must file a new civil rights complaint and an updated motion to proceed *in forma pauperis* if he still seeks to prosecute his claims.

**IT IS THEREFORE ORDERED** that Plaintiff’s Prisoner Civil Rights Complaint (**Doc. 2**) is **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b); and the Court will enter a separate judgment disposing of this civil case.

SARAH M. DAVENPORT
UNITED STATES DISTRICT JUDGE